# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARIA MORTON, Individually, and on Behalf of All Similarly Situated Persons,<br><br>   Plaintiff,<br><br>v.<br><br>CITYSIDE HEALTHCARE, INC.,<br><br>   Defendant. | CIVIL ACTION<br>FILE NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

This action is brought on behalf of all non-exempt Registered Nurses ("RNs") employed by Cityside Healthcare, Inc. ("Cityside" or "Defendant") in the State of Georgia.  Defendant willfully failed to pay Plaintiff Maria Morton ("Plaintiff") and other current and former similarly situated RNs ("the Collective Action Members") employed by Defendant proper wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").  Plaintiff also brings an individual claim against Defendant for unlawful retaliation, in violation of the FLSA, 29 U.S.C. § 215(a)(3).

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and the Collective Action Members currently or formerly employed by Defendant who choose to opt into this FLSA action pursuant to 29 U.S.C. § 216(b), that she is entitled to (i) unpaid wages from Defendant for all hours worked "off the clock" for which she did not receive any compensation, as required by the FLSA; (ii) unpaid overtime premium pay from Defendant for all the hours they worked in excess of 40 hours per week, as required by the FLSA; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Defendant's policy and practice is to deny earned wages, including overtime pay, to its non-exempt RNs. In particular, Defendant requires its employees to be present and perform work in excess of eight hours per day and/or 40 hours per week, requires them to perform "off the clock" work, and fails to pay them overtime for hours worked in excess of 40 per work week.

3. Defendant further fails to properly and accurately calculate overtime and report wages earned, hours worked, and wage rates. Defendant's willful

failure to pay Plaintiff and similarly situated RNs overtime compensation and compensation for their "off the clock" work violates the FLSA as detailed below.

## JURISDICTION AND VENUE

4. This is an action for unpaid wages under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred within this District.

6. Defendant is subject to personal jurisdiction in the State of Georgia and within this District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Maria Morton is an adult individual residing in Stockbridge, Georgia.

9. Plaintiff Morton was employed by Defendant from approximately March 3, 2014 to May 30, 2014.

10. Plaintiff Morton's job title during the relevant time period was Registered Nurse.

11. Plaintiff and the Collective Action Members worked in excess of 40 hours per workweek, and Defendant did not pay them any overtime compensation.

12. Defendant is a covered employer and at all relevant times employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

13. Defendant is "one of the state's leading providers … in the health care industry" and offers "behavior health care services at home and in the community." http://citysidehealthcare.com/Services.html.

14. Defendant employs non-exempt RNs who provide support and treatment to its clients in the clients' homes.

15. Upon information and belief, Defendant receives the majority of its revenue from clients who use Medicare and Medicaid.

16. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s) and the supporting Department of Labor regulations.

17. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.

18. Defendant may be served with a summons and copy of this Complaint by delivering process to its registered agent, Townsend & Lockett, at 1401 Peachtree Street, NE, Suite 500, Atlanta, Georgia 30314.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of all similarly situated individuals who are currently or were formerly employed by Defendant as RNs and individuals holding comparable non-exempt positions with different titles at any time within three years prior to the filing of this Complaint ("the Collective Action Period"), and who worked "off the clock" and did not receive any compensation, and/or worked overtime but did not receive overtime compensation at a rate of 1 and ½ times their regular rate of pay.

20. Plaintiff seeks to prosecute her FLSA claim as a Collective Action on behalf of herself and all other similarly situated Collective Action Members during the Collective Action Period, pursuant to 29 U.S.C. § 216(b).

21. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members.

22. There are similarly situated current and former RNs who have not been paid proper wages by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

23. The similarly situated RNs are known to Defendant, are readily identifiable, and can be located through Defendant's records. Therefore, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

24. When Plaintiff was hired, Defendant gave her an offer letter that stated "You will not to [sic] exceed 40 hours per work week."

25. However, Plaintiff regularly worked in excess of 40 hours per week while employed by Defendant.

26. Defendant required that Plaintiff sign forms stating that she "must be available to clients 24 hours a day and 7 days per week. Therefore, it is a requirement to have an operational vehicle, internet ready computer and a mobile phone to be able to respond to calls or messages within 1 hour from the agency or any client."

27. Defendant required Plaintiff and similarly situated individuals to work "off the clock" while they were employed by Defendant without any compensation by requiring them to:

      a. Be "on call" 24/7 and respond to Defendant's phone calls and text messages;

    b. Attend and participate in health marketing events on behalf of Defendant;

    c. Pick up equipment from Defendant, and travel to and from clients' homes to provide RN services;

    d. Attend mandatory staff meetings at least two times per month;

    e. Bill clients, and input nursing notes into Defendant's computer system; and

    f. Work from home on nursing paperwork and billing clients.

28. Defendant is aware that Plaintiff and similarly situated individuals worked "off the clock" and worked in excess of 40 hours per week because it directed them to perform this work.

29. Defendant had a policy and practice of routinely adjusting and limiting the billing hours entered by Plaintiff and similarly situated individuals, causing them not to be compensated for all the hours that they worked.

30. In April 2014, Plaintiff Morton complained to CEO Omar Green that she was not paid for all the hours that she worked.

31. CEO Green told Plaintiff Morton that RNs were not paid for all the hours that they worked.

32. On May 30, 2014, Plaintiff Morton sent a text message to Cityside's Keisha Palmer complaining that she was "not paid for more than 20 hours of nursing services [she] put into the system for the week of May 19."

33. Three hours after Plaintiff Morton engaged in this protected conduct, Defendant terminated Plaintiff.

34. During the relevant time period, Defendant classified Plaintiff and the Collective Action Members as non-exempt employees and they were paid by the hour.

35. Consistent with Defendant's policy, pattern, and/or practice, Plaintiff and the Collective Action Members (i) regularly worked in excess of 40 hours per workweek without being paid at a rate of 1 ½ times their regular rate of pay, in violation of the FLSA; and (ii) regularly worked "off the clock" without receiving any compensation, in violation of the FLSA.

36. Defendant's practice is unlawful, unfair, and deceptive to Plaintiff and the Collective Action Members who were eligible to receive overtime compensation at a rate of 1 ½ times their regular rate of pay. This practice also allowed Defendant to avoid paying additional wages to Plaintiff and the Collective Action Members.

37.     Defendant failed to accurately record time worked, and failed to provide accurate wage statements to Plaintiff and the Collective Action Members identifying all the hours that they worked.

38.     Plaintiff and the Collective Action Members are similarly situated under the FLSA because: (1) they shared common job duties; (2) they shared a common job description; (3) they were all classified by Defendant as non-exempt employees under the FLSA; (4) they regularly worked in excess of 40 hours per week; (5) they regularly worked "off the clock" for Defendant; and (6) they did not receive overtime compensation at a rate of 1 ½ times their regular rate of pay.

39.     Defendant's failure to pay Plaintiff and the Collective Action Members overtime at a rate of 1 ½ times their regular rate for all hours worked in excess of 40 per week was willful and in bad faith.

40.     At all relevant times, Defendant knew or should have known that its wage and hour practices were improper, and that the FLSA required it to pay its employees an overtime premium for hours worked in excess of 40 per workweek, yet it continued to violate the FLSA.

41.     Defendant was put on notice of this unlawful, unfair and deceptive practice because Plaintiff complained to Defendant about not being compensated for "off the clock" work, and complained about not being paid overtime wages.

Furthermore, Defendant was put on notice because they directed Plaintiff and similarly situated individuals to perform such work.

## COUNT 1
## FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES
## (Brought on Behalf of Plaintiff and All Collective Action Members)

42. Plaintiff, on behalf of herself and the Collective Action Members, re-allege and incorporate by reference all prior paragraphs of the Complaint.

43. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ, the Collective Action Members.

44. The overtime wage provisions set forth in the FLSA apply to Defendant, Plaintiff, and the Collective Action Members.

45. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

46. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of 40 hours in a workweek, as well as for all hours worked by them, Defendant has violated and, continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*

47. As a result of Defendant's willful failure to record, report, credit and/or compensate Plaintiff and the Collective Action Members, Defendant has

failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

48.     As a result of Defendant's actual knowledge, through Plaintiff's supervisors, that Plaintiff and the Collective Action Members were performing work in excess of 40 hours per workweek, and Defendant's policy and practice that did not allow Plaintiff and the Collective Action Members to record all hours worked, Defendant willfully violated the FLSA.

49.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50.     Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the Collective Action Members.

51.     As a result of Defendant's FLSA violations, Plaintiff and the Collective Action Members, are entitled to recover from Defendant: (a) unpaid overtime wages for all of the hours worked by them, as overtime compensation, (b) unpaid "off the clock" work performed by them; (c) liquidated damages for Defendant's willful violations of the FLSA, and (c) the unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT: RETALIATORY DISCRIMINATION AND DISCHARGE UNDER 29 U.S.C. § 215(a)(3)
### (Brought on Behalf of Plaintiff)

52. Plaintiff re-alleges and incorporates by reference all prior paragraphs of the Complaint.

53. Plaintiff engaged in activity protected by the FLSA.

54. Defendant subjected Plaintiff to an adverse job action when it terminated Plaintiff.

55. Defendant terminated Plaintiff for engaging in activity protected by the FLSA.

56. Defendant's retaliatory conduct injured Plaintiff.

57. Defendant intentionally and willfully violated the FLSA by terminating Plaintiff.

## PRAYER FOR RELIEF

Wherefore, Plaintiff and the Collective Action Members who join this action seek the following relief:

A. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Action Members during the Collective Action Period

apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of 1 ½ times the regular rate of pay due under the FLSA using the following common damages methodology: ((Annual Salary ÷ 52) ÷ 40) X Total Number of Overtime Hours Worked X 1.5 X 2;

D. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of 1 ½ times the regular rate of pay pursuant to 29 U.S.C. § 216;

E. An award of pre-judgment and post-judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' and experts' fees;

G. An award of a service payment to Plaintiff;

H.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted on this 13th day of November, 2014.

>  s/ Edward D. Buckley
>  Edward D. Buckley
>  Georgia State Bar No. 092750
>  edbuckley@buckleylawatl.com

THE BUCKLEY LAW FIRM, LLC
Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorney for Plaintiff